# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

JACQUELINE DENISE KIDD                    CASE NO. 3:19-CV-01596

VERSUS                                    JUDGE TERRY A. DOUGHTY

MONROE TRANSIT SYSTEM, ET AL.             MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is defendants the City of Monroe (incorrectly named as "Monroe Transit System") and First Transit, Inc.'s (incorrectly named as "1st Transit") motion to dismiss for lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim a claim upon which relief can be granted pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. [doc. # 15]. The motion is opposed. For reasons set forth below, it is recommended that the motion to dismiss be GRANTED-IN-PART and DENIED-IN-PART.

## Background

On December 13, 2019, Jacqueline Denise Kidd filed the instant discrimination and retaliation suit against her former employer(s) Monroe Transit System and 1st Transit, Inc. for violation of her rights under Title VII[1] of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

On December 16, 2019, the court granted plaintiff leave to proceed in forma pauperis and the Clerk of Court issued summonses to plaintiff so she could serve defendants. *See* doc. #s 2-4. The Clerk of Court attached instructions to the summonses which stated that,

---

[1] In her complaint, Kidd mistakenly cited Title "six," instead of Title VII.

[t]he plaintiff is responsible for having service of the summons and a copy of the complaint made upon each defendant and shall furnish the person effecting service with the necessary copies of the summons and complaint. **See Fed.R.Civ.P. 4(c)(1)** . . .

**Waiver of Service of Summons: Rule 4(d) of the Federal Rules of Civil Procedure** also allows the plaintiff to reduce the costs of service by notifying the defendant of the filing of the action and requesting that the defendant waive service of a summons. A defendant who, after being notified of an action and asked to waive service of process, fails to do so, will be required to bear the cost of such service unless good cause be shown for failure to sign and return the waiver. A party who waives service of process retains all defenses and objections (except any relating to service thereof).

**Dismissal:** A case may be dismissed by the Clerk of Court or any judge under LR41.3 where no service of process has been made within 90 days after filing of the complaint or where no responsive pleadings have been filed or default has been entered within 60 days after service of process . . .

Should you wish to utilize the waiver of service, you may find the form at www.uscourts.gov/uscourts/FormsAndFees/Forms/AO399.pdf.

[doc. # 4].

On March 13, 2020, plaintiff filed a motion for extension of time to serve defendants and to stay proceedings. [doc. # 5]. The court granted plaintiff's motion and accorded plaintiff until May 18, 2020, in which to serve defendants. [doc. # 6]. The court, however, denied plaintiff's motion to stay proceedings. *Id.*

When by June 9, 2020, plaintiff still had not filed any returns of service, the Clerk of Court issued a notice of intent to dismiss the matter because of her failure to effect service within 90 days of commencing suit. (Notice of Intent to Dismiss [doc. # 7]). After plaintiff failed to respond to the notice, the Clerk of Court dismissed the case on June 26, 2020. (Order June 26, 2020 [doc. # 8]). The order specified that the action could be reinstated within thirty (30) days for good cause shown. *Id.*

On July 10, 2020, plaintiff filed a motion for extension of time to effect service. [doc. #

2

9].  In her motion, plaintiff stated that she was requesting an extension of time:  to serve the defendants through the marshals service; to file additional paperwork concerning any amendments; to file an amended claim/complaint to specify more in depth details of her suit; to consult with an attorney; and to gather statements from witnesses.  *Id*.

On July 14, 2020, the court rescinded the Clerk of Court's order of dismissal and reinstated plaintiff's case.  (July 14, 2020, Order [doc. # 10]).  The undersigned also granted plaintiff an extension of time until September 14, 2020, in which to serve defendants.  *Id*.  The court added that if any defendant refused to waive service, and if plaintiff was unable to have someone personally serve that defendant, then plaintiff could ask the court to effect service for said defendant via U.S. Marshal.  *Id*.  Finally, the court cautioned plaintiff that her failure to comply with the requirements of this order could result in dismissal of her case.  *Id*.

On September 14, 2020, plaintiff filed returns of service for defendants First Transit, Inc. and Monroe Transit System indicating that a "Sgt. Sheri Thompson" had personally served both defendants with summonses by leaving them with "Mark Kennan," at 700 Washington Street, on September 8, 2020.  *See* Proofs of Service [doc. # 11].

On  October 20, 2020, defendants the City of Monroe and First Transit, Inc.'s (incorrectly named as "Monroe Transit System & 1st Transit") filed the instant motion to dismiss for lack of personal jurisdiction, insufficient process, insufficient service of process, and for failure to state a claim a claim upon which relief can be granted pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.  Specifically, movants urge dismissal of plaintiff's claims for three reasons:  1) plaintiff's purported service on the City of Monroe contained insufficient process; 2) the manner and method of service on First Transit, Inc. was insufficient; and 3) even

3

if the service issues did not warrant dismissal, plaintiff still failed to state a claim for relief under the laws she invoked.

On November 16, 2020 – two days after her response to the motion was due, *see* doc. # 16 – plaintiff filed a motion for extension of time to: obtain counsel, file a stay, file an amended complaint, and to properly re-serve defendants. [doc. # 17]. The court denied the motion, but accorded plaintiff until December 11, 2020, to file a response/opposition to the pending motion to dismiss. (Nov. 30, 2020, Order [doc. # 18]). Plaintiff ultimately filed her opposition to the motion to dismiss on December 14, 2020. [doc. # 19]. Defendants filed a reply brief on January 4, 2021. [doc. # 22].[2] Thus, the matter is ripe.

## Analysis

### I.    Capacity to be Sued

Defendants contend that plaintiff's claims against the "Monroe Transit System," are subject to dismissal because the named entity lacks the capacity to be sued. The court observes that although Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued, "[f]ederal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued. *Clark v. Lafayette Police Dep't*, No. 18-0058, 2018 WL 3357899, at *1 (W.D. La. June 22, 2018), *R&R adopted*, 2018 WL 3357257 (W.D. La. July 9,

---

[2] In their reply brief, defendants urged the court not to consider plaintiff's opposition brief because it was not timely filed and because it set forth new facts not included in the original complaint. The court declines defendants' invitation to disregard plaintiff's brief. Nonetheless, consideration of plaintiff's brief, which all but exclusively focused upon the merits of her claims, does not impact the court's recommended disposition of defendants' motion, since it is premised upon defendants' procedural arguments for dismissal. *See* discussion, *infra*.

2018) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1360 (3D ED. 2004)).  Further, "[t]he Fifth Circuit has implicitly approved 12(b)

motions arguing the lack of capacity to be sued."  *Id.* (quoting *Angers ex rel. Angers v. Lafayette

Consol. Gov't,* 2007 WL 2908805, at *1 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena

Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991))).

Defendants allege that the Monroe Transit System lacks the capacity to be sued because it

is a subsidiary of the City's Department of Public Works and not a separate entity.  CITY OF

MONROE CODE, CHARTER, ARTICLE I, § 4-06(B)(9) (effective August 1, 1982) ("The public

works director shall direct and be responsible for . . . [o]peration of the municipal transit

system."); *see also, e.g., Edmond v. Lafayette Consol. Gov't*, No. 16-0045, 2016 WL 3693653, at

*3 (W.D. La. May 24, 2016), *R&R adopted*, 2016 WL 3693486 (W.D. La. July 5, 2016) (finding

that an agency of the City of Lafayette did not have capacity to be sued).

Plaintiff did not contest the foregoing argument and authority in her brief, and, in the

absence of same, the court necessarily finds that the Monroe Transit System is not a separate

entity capable of being sued.  Thus, it is subject to dismissal on that basis.

## II.    Insufficient Process and Insufficient Service of Process

Defendants also seek dismissal for insufficient process, and for insufficient service of

process.  Fed.R.Civ.P. 12(b)(4) & (5).  Although Rules 12(b)(4) and 12(b)(5) sound similar,

there is a distinction.  "An objection under Rule 12(b)(4) concerns the form of the process rather

than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of

delivery or the lack of delivery of the summons and complaint."  *Gartin v. Par Pharm.

Companies, Inc.*, 289 Fed. Appx. 688, 692 (5th Cir.2008) (quoting 5B CHARLES ALAN WRIGHT

& ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353) (internal quotation marks omitted).  Thus, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  FED. PRACTICE AND PROCEDURE., *supra*.   *Id*.[3]

     a)    <u>Insufficient Process</u>

Under Federal Rule of Civil Procedure 4(a), a summons must "identify the parties" and "be directed to a defendant."  Fed. R. Civ. P. 4(a)(1)(A)-(B).  Rule 4(a) is generally construed liberally.  *Estate of White v. Hartford Life & Acc. Ins. Co.*, No. 07-0145, 2007 WL 7217079, at *2 (S.D. Tex. Oct. 11, 2007) (citing 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1082 ("The general attitude of the federal courts is that the provision of Federal Rule 4 should be liberally construed in the interest of doing substantial justice.")).

Here, insofar as plaintiff intended to sue the City of Monroe, she incorrectly named the City as "Monroe Transit System," which resulted in a summons being issued to an improper party.  Thus, the City is subject to dismissal under Rule 12(b)(4) for insufficient process.[4]

---

[3] Rule 12(b)(4) also is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006).

[4] The policy of liberal amendment of process expressed in Rule 4(a) "can be used to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document." *Id.* (citing 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1087); *see also* Fed. R. Civ. P. 4(a) ("The court may allow a summons to be amended"). Indeed, a defendant "should not be permitted to take advantage of a mere misnomer that injured no one." *Id.* (citing *Grandey v. Pacific Indem. Co*., 217 F.2d 27, 29 (5th Cir.1954)). Here, however, despite knowledge of her deficient pleadings and service efforts, plaintiff, thus far, has not endeavored to redress these issues in response to the motion to dismiss.

b)    <u>Insufficiency of Service of Process</u>

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at \*3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at \*1 (citations omitted).  Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 19-0367, 2019 WL 2946149, at \*2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Here, defendants contend that service of process was invalid because:  (1) it was not made on the proper person, (2) it did not include a copy of the complaint with the summons, and (3) it is now too late to perfect service.

1)  <u>Service was Not Made on a Proper Person</u>

Service was improper because it was not made on the correct person with respect to both First Transit, Inc. and the City of Monroe (insofar as plaintiff intended to sue the City).

*i)  First Transit, Inc.*

First Transit, Inc., is a Delaware corporation, with its principal place of business in Ohio, and is registered to do business in Louisiana.  *See* Decl. of Marc Keenan and Louisiana Secretary of State Printout; Defs. M/Dismiss, Exhs. 1-2 [doc. #s 15-2 and 15-3].  The requirements for

service of process on a corporation, partnership, or association are found in Rule 4(h) of the

Federal Rule of Civil Procedure, and read as follows:

> **(h) Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>>
>> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed.R.Civ.P. 4(h).

Rule 4(e)(1), in turn, allows a plaintiff to serve a corporation by "following state law for serving

a summons in an action brought in courts of general jurisdiction in the state where the district

court is located or where service is made . . ."  Fed.R.Civ.P. 4(e)(1).

     First Transit, Inc. contends that plaintiff's method of service was ineffective under both

the federal method, 4(h)(1)(B), and the forum state method, as incorporated via Rule 4(h)(1)(A)

and (e)(1).  In the Fifth Circuit, service on a corporation's agent pursuant to Rule 4(h)(1)(B) must

be made on an individual "actually authorized . . . to accept service of process on the would-be

principal's behalf . . ."  *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007)

(citation omitted).  Similarly, under Louisiana law, service of process on a domestic or foreign

corporation is made, in the first instance, on one of its agents for service of process. *Punctual Abstract Co. Inc. v. U.S. Land Title*, 28 So. 3d 459, 463 (La. App. 5th Cir. 2009) (citing La. C.C.P. Art. 1261).[5]  Furthermore, if service is made on an officer or managing agent, that person "must have actual authorization from the entity sought to be served.  Apparent authority is insufficient."  *Poydras v. Iberiabank Corp.*, No. 19-1171, 2019 WL 5855834, at *1 (W.D. La. Nov. 7, 2019) (quoting *Smith v. Woman's Hosp.*, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015)); *see also Maiz v. Virani*, 311 F.3d 334, 340 (2002).

According to the return of service, plaintiff served the summons on First Transit, Inc., via Marc Keenan (incorrectly spelled as "Mark Keenan").  (Proof of Service [doc. # 11]).  Keenan, however, is not an officer, director, or manager of First Transit, Inc.  (Decl. of Marc Keenan; M/Dismiss Exh. 1).  Keenan also is not an authorized agent to receive service of process for First Transit, Inc.  *Id.*[6]  Therefore, plaintiff's attempt to serve First Transit, Inc., via Marc Keenan, was ineffective under federal and Louisiana law.

### ii)  City of Monroe

A plaintiff may effect service on a state or local governmental entity by "delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2)(A)-(B).  Under Louisiana law, service on a political entity such as the City of Monroe can be "made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and

---

[5]  Service may be made on a corporation's officer, director, or employee only when the corporation has failed to designate an agent for service of process.  *See* La. C.C.P. Art. 1261.

[6] CT Corporation System is First Transit, Inc.'s registered agent in Louisiana.  (Louisiana Secretary of State Printout; M/Dismiss, Exh. 2).

discretion."  La. C. Civ. P. art. 1265.

Here, plaintiff endeavored to serve defendant, Monroe Transit System, via Marc Keenan. (Proof of Service [doc. # 11]).  Keenan, however, is not the chief executive officer of the City of Monroe.  Furthermore, he is not employed by the City of Monroe or an authorized agent for the City of Monroe.  (Decl. of Marc Keenan; M/Dismiss Exh. 1).  Accordingly, insofar as plaintiff intended to sue and serve the City of Monroe, her service attempt was ineffective.

2)  <u>Failure to Serve the Summons and a Copy of the Complaint</u>

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Serving the summons or a copy of the complaint, without the other, renders service invalid.  *See Walk-On's, supra*; *Styles v. McDonalds Rest*., No. 17-0791, 2019 WL 2266636, at *3–4 (E.D. Tex. Jan. 28, 2019), *R&R adopted*, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); *see also Aerielle Techs., Inc. v. Procare Int'l Co*., No. 08-0284, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011) (citation omitted) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.")).  A failure to provide defendant with a copy of the complaint violates Rule 4(c).  *Thrasher v. City of Amarillo*, 709 F.3d 509, 510 (5th Cir.2013).

Here, defendants adduced uncontroverted evidence that even if Marc Keenan had been the proper person to receive service on behalf of defendants, the service documents that were provided to Keenan did not include a summons for the City/Monroe Transit System or a copy of the complaint for either defendant.  *See* Decl. of Marc Keenan.  Accordingly, service was insufficient.

10

3)    <u>Service is Untimely</u>

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. Proc. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Furthermore, "[a] litigant's pro se status neither excuses h[er] failure to effect service nor excuses h[er] for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted).

Here, plaintiff's repeated failures to timely and properly serve defendants are inexcusable at this point. The court already has granted several extensions to plaintiff to effect service, and even dismissed the case once before. *See* discussion, *supra*. In fact, even after defendants filed the instant motion to dismiss, which specifically alerted plaintiff to the insufficient service attempts, there is no evidence that she sought to redress these issues by properly serving defendants. In total, plaintiff has had 412 days from commencement of this suit to properly serve defendants. Yet, she has not done so. Plaintiff has not presented evidence of circumstances to warrant another extension and did not even substantively address defendants'

11

arguments regarding improper service in her response to the motion to dismiss. *See* doc. # 19. Therefore, dismissal is warranted. *See Thrasher, supra* (court properly dismissed suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly); *Walk-On's supra* (no basis to confer additional time to pro se plaintiff to effect service after eight months had passed since suit was filed).

## III.    Lack of Personal Jurisdiction

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999) (citation omitted).  Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

Here, plaintiff has not properly served defendants. *See* discussion, *supra*.  Accordingly, the court lacks personal jurisdiction to entertain plaintiffs' claims against them.  Fed.R.Civ.P. 12(b)(2).

## IV.    Failure to State a Claim for Relief

In their omnibus motion to dismiss, defendants alternatively seek dismissal under Rule 12(b)(6) -- "[i]f the Court finds that dismissal is not warranted for insufficient process, insufficient service of process, or lack of jurisdiction . . ." (M/Dismiss, Memo., pg. 8).  The undersigned, however, has recommended dismissal under Rules 12(b)(2), (4), and/or (5). Accordingly, the precondition for defendants' alternative Rule 12(b)(6) argument is not met.

In any event, personal jurisdiction is "an essential element of the jurisdiction of a district .

12

. . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584; 119 S.Ct. 1563, 1570 (1999) (citation and internal quotation marks omitted).  In the absence of personal jurisdiction over the defendant -- as recommended here -- the court is unable to reach defendant's further or alternative motion to dismiss for failure to state a claim upon which relief can be granted.  *See Walk-On's, supra* (court lacked jurisdiction to consider defendant's remaining Rule 12(b)(6) arguments).

## V.      Justification for a Dismissal that is Effectively with Prejudice

Although the dismissal of plaintiff's claims under Rules 12(b)(2), 12(b)(4), and 12(b)(5) will be without prejudice, the court recognizes that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir.1981)).  A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC.  *Id*. (citing 42 U.S.C. § 2000e–5(f); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988)).  Thus, because plaintiff's right-to-sue letter was dated September 13, 2019, plaintiff arguably will be time-barred from asserting a Title VII employment discrimination claim against defendants.

Failure to effect service is a failure to prosecute.  *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).  Dismissal with prejudice for failure to prosecute is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not prompt diligent prosecution, or the record shows that lesser sanctions have proved to be futile.  *Berry*, 975 F.2d at 1191 (citing *Price v. McGlathery*,

13

792 F.2d 472, 474 (5th Cir.1986); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519-21 (5th Cir.1985); *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir.1985); *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir.1984)).  Additionally, in most cases where dismissal with prejudice is warranted, one of the following aggravating factors is present:  "(1) delay caused by plaintiff h[er]self and not h[er] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *McGlathery*, 792 F.2d at 474; *see also Callip*, 757 F.2d at 1529.

Here, there is a clear record of delay.  Plaintiff has failed for at least the past 412 days to properly serve defendants. The court already has accorded plaintiff several extensions and even dismissed the case once before for failure to effect service. *See* discussion, *supra*.  Therefore, the record shows that lesser sanctions have not remedied the plaintiff's conduct.  Further, because plaintiff is proceeding in forma pauperis in this matter, she likely does not enjoy the financial resources to fund an alternative monetary sanction.[7]

Finally, there is an aggravating factor present because the delay is caused by plaintiff herself, who is unrepresented and proceeding pro se in this matter.  Therefore, dismissal without prejudice, even though it will cause plaintiff's claim to be time-barred, is appropriate in this case.

<u>Conclusion</u>

For the above assigned reasons,

IT IS RECOMMENDED that defendants the City of Monroe (incorrectly named as "Monroe Transit System") and First Transit, Inc.'s (incorrectly named as "1st Transit") motion to

---

[7] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

14

dismiss [doc. # 15] be GRANTED-IN-PART and that plaintiff's claims against all defendants be DISMISSED, without prejudice, for lack of personal jurisdiction, insufficient process, and/or insufficient service of process pursuant to Rules 12(b)(2), (4), and/or (5).

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 15] be DENIED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of January 2021.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE